UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JAMES LEWIS,

    Plaintiff,

    v.

CITY AND COUNTY OF SAN FRANCISCO,

    Defendant.

_____/

No. C 11-5273 PJH

**ORDER GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS**

    Defendant's motion for judgment on the pleadings came on for hearing before this court on March 14, 2012. Plaintiff James Lewis appeared by his counsel Aldon Bolanos, and defendant City and County of San Francisco ("the City") appeared by its counsel Larry Hecimovich. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby GRANTS the motion as follows and for the reasons stated at the hearing.

    A motion for judgment on the pleadings pursuant to Rule 12(c) "challenges the legal sufficiency of the opposing party's pleadings." William Schwarzer et al, Federal Civil Procedure Before Trial ¶ 9:316 (2011); Fed. R. Civ. P 12(c). The legal standards governing Rules 12(c) and 12(b)(6) are "functionally identical," Dworkin v. Hustler Magazine, Inc., 867 F.2d 1188, 1192 (9th Cir. 1989), as both permit challenges directed at the legal sufficiency of the parties' allegations. Thus, a judgment on the pleadings is appropriate when the pleaded facts, accepted as true and viewed in the light most favorable to the non-moving party, entitle the moving party to a judgment as a matter of law. Hoeft v. Tucson Unified

1 Sch. Dist., 967 F.2d 1298, 1301 (9th Cir. 1992); see also Fleming v. Pickard, 581 F.3d 922, 925 (9th Cir. 2009).

Articulating the standard for a Rule 12(b)(6) motion to dismiss, the Supreme Court noted that "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions." Ashcroft v. Iqbal, __ U.S. __, 129 S.Ct. 1937, 1949 (2009). Indeed, "a plaintiff's obligations to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. at 544, 555 (2007) (citations and quotations omitted). Rather, the allegations in the complaint "must be enough to raise a right to relief above the speculative level." Id.

The standard articulated in Twombly and Iqbal applies equally to a motion for judgment on the pleadings. Cafasso, U.S. ex rel. v. General Dynamics, 637 F.3d 1047, 1054-55 & n.4 (9th Cir. 2011); see also Lowden v. T-Mobile USA, Inc., 378 Fed. Appx. 693, 2010 WL 1841891 at *1 (9th Cir., May 10, 2010) ("To survive a Federal Rule of Civil Procedure 12(c) motion, a plaintiff must allege 'enough facts to state a claim to relief that is plausible on its face'" (quoting Twombly, 550 U.S. at 544)).

If the complaint fails to articulate a legally sufficient claim, the complaint should be dismissed, or judgment granted on the pleadings, and the Court must then decide whether to grant leave to amend. Leave to amend need not be granted when amendment would be futile and the deficiencies of the complaint could not be cured by amendment. Reddy v. Litton Indus., Inc., 912 F.2d 291, 296 (9th Cir. 1990).

In the complaint, which was filed on October 28, 2011, plaintiff alleges nine causes of action – (1) wrongful adverse employment action in violation of public policy; (2) reprisal for opposing unlawful practices and testifying/filing a charge of discrimination, in violation of Title VII; (3) violation of the federal Whistleblower Protection Act of 1989; (4) violation of California Labor Code § 1102.5; (5) retaliation against employee for filing a complaint of discrimination, in violation of FEHA; (6) breach of the implied covenant of good faith and fair dealing in employment; (7) violation of the due process clause of the California

Constitution (right to be heard prior to deprivation of property interest); (8) intentional infliction of emotional distress; (9) violation of Police Officer Bill of Rights.

The first cause of action for wrongful adverse action in violation of public policy, the sixth cause of action for breach of the implied covenant of good faith and fair dealing, and the eighth cause of action for intentional infliction of emotional distress are DISMISSED because under California Government Code § 815(a), only claims based on statutory liability may be asserted against public entities. This means that common law tort liability has been abolished for public entities. See Eastburn v. Regional Fire Protection Authority, 31 Cal.4th 1175, 1179 (2003). Accordingly, § 815(a) bars Tameny actions against public entities. Miklosy v. Regents of Univ. of Calif., 44 Cal. 4th 876, 899-900 (2008); Lloyd v. County of Los Angeles, 172 Cal. App. 4th 320, 329 (2009). The dismissal is with prejudice, as amendment would be futile.

The second cause of action for retaliation in violation of Title VII is DISMISSED for failure to state a claim, as the allegations are too unclear to enable the City to frame a response. The dismissal is with leave to amend to plead facts identifying the alleged adverse action (which must necessarily have occurred prior to the filing of the administrative charge with the EEOC), and also to identify the alleged protective activity. The court declines to find that this claim is barred because plaintiff failed to seek a writ of administrative mandamus. See University of Tennessee v. Elliott, 478 U.S. 788, 795-96 (1986) (judicially unreviewed state administrative findings do not have a preclusive effect on claims arising under Title VII); McInnes v. State of Calif., 943 F.2d 1088, 1093-94 (1991) (under Elliott, unreviewed administrative decisions lack a preclusive effect in subsequent Title VII action, regardless of any preclusive effect state law might accord to them).

The third cause of action for violation of the federal Whistleblower Protection Act of 1989 ("the Act"), 5 U.S.C. § 2302(b)(8), is DISMISSED because, by its terms, the Act applies only to federal employees of "executive agencies" and the "Government Printing Office." See 5 U.S.C. § 2301; see also Knollenberg v. Merit Systems Protection Bd., 953 F.2d 623, 625 (Fed. Cir. 1992). The dismissal is with prejudice, as amendment would be

futile.

The fourth cause of action for retaliation in violation of California Labor Code § 1102.5 is DISMISSED for failure to state a claim. The dismissal is with leave to amend to identify the subsection of § 1102.5 under which plaintiff is asserting this claim, and to plead facts showing a violation of that subsection. In addition, plaintiff must allege facts showing exhaustion of administrative remedies. See, e.g., Campbell v. Regents of Univ. of Calif., 35 Cal. 4th 311, 317 (2005); Hart v. Alameda County, 76 Cal. App. 4th 766, 778 (1999).

The fifth cause of action for retaliation for filing a complaint of discrimination, in violation of FEHA, is DISMISSED because it is barred by plaintiff's failure to seek review of the Police Commission's decision by means of a writ of administrative mandamus. "Exhaustion of judicial remedies" is necessary to avoid giving binding effect to an administrative agency's decision, because that decision has finality due to the aggrieved party's failure to pursue the judicial remedy for reviewing administrative action. Johnson v. City of Loma Linda, 24 Cal. 4th 61, 69-70 (2000); see also Briggs v. City of Rolling Hills Estates, 40 Cal. App. 4th 637, 646 (1995). Where a plaintiff fails to exhaust judicial remedies by seeking timely judicial relief from an administrative determination regarding discipline or other terms or conditions of employment, the plaintiff is precluded from filing a claim alleging violations of FEHA based on the same facts and proceedings. Johnson, 24 Cal. 4th at 71-76. The dismissal is with prejudice, as amendment would be futile.[1]

The seventh cause of action for violation of the due process clause of the California Constitution, based on the conduct of the Police Commission, is DISMISSED. Judicial review of an administrative or quasi-judicial act must be in accordance with California Code of Civil Procedure 1094.5. Plaintiff's claim is barred because he failed to seek review by means of writ of administrative mandamus. See Johnson, 24 Cal. 4th at 69-70. The dismissal is with prejudice because amendment would be futile.

---

[1] Although the court indicated at the hearing that this claim would be dismissed with leave to amend, the court has reconsidered, and in light of Johnson, finds that the dismissal must be with prejudice.

4

The ninth cause of action for violation of the Police Officer Bill of Rights, Cal. Gov't Code § 3303, is DISMISSED for failure to state a claim, as the allegations are too unclear to enable the City to frame a response.  The dismissal is with leave to amend to identify the subsection of § 3303 under which plaintiff brings this claim, and to plead facts showing a violation of that subsection.

In accordance with the foregoing, the first, third, fifth, sixth, seventh, and eighth causes of action are DISMISSED with prejudice, and the second, fourth, and ninth causes of action are DISMISSED with leave to amend.

The first amended complaint shall be filed no later than April 11, 2012, and the City's response shall be filed no later than May 9, 2012.  No new claims or parties may be added to the amended complaint without leave of court.

**IT IS SO ORDERED.**

Dated:  March 16, 2012

PHYLLIS J. HAMILTON
United States District Judge

5