**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JAMES LEWIS,

        Plaintiff,

    v.

CITY AND COUNTY OF SAN
FRANCISCO,

        Defendant.

_____/

No. C 11-5273 PJH

**ORDER GRANTING MOTION
TO DISMISS**

    Defendant's motion for an order dismissing the first amended complaint ("FAC") for failure to state a claim came on for hearing before this court on June 20, 2012.  Plaintiff James Lewis ("Lewis") appeared by counsel identifying himself as Aldon L. Bolanos, and defendant City and County of San Francisco ("the City") appeared by its counsel, Deputy City Attorney Lawrence Hecimovich.  Having read the parties' papers and carefully considered their arguments and the relevant legal authority, the court hereby GRANTS the motion as follows for the reasons stated at the hearing.

    Lewis filed the original complaint in this action on October 28, 2011, alleging nine causes of action against the City.  The City moved for judgment on the pleadings, and the court granted the motion, with leave to amend as to three of the nine causes of action – the claim of retaliation in violation of Title VII, the claim of retaliation in violation of California Labor Code § 1102.5, and the claim of violation of the Police Officer Bill of Rights (also known as the Public Safety Officers Procedural Bill of Rights Act), California Government Code § 3303.  The City now seeks an order dismissing the FAC, arguing that each of the

1   three claims is time-barred, and that each of the three claims is also barred by res judicata.

2       A motion to dismiss under Rule 12(b)(6) tests for the legal sufficiency of the claims

3   alleged in the complaint.  Ileto v. Glock, Inc., 349 F.3d 1191, 1199-1200 (9th Cir. 2003).

4   Review is limited to the contents of the complaint.  Allarcom Pay Television, Ltd. v. Gen.

5   Instrument Corp., 69 F.3d 381, 385 (9th Cir. 1995). To survive a motion to dismiss for

6   failure to state a claim, a complaint generally must satisfy only the minimal notice pleading

7   requirements of Federal Rule of Civil Procedure 8.

8       Rule 8(a)(2) requires only that the complaint include a "short and plain statement of

9   the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Specific

10  facts are unnecessary – the statement need only give the defendant "fair notice of the claim

11  and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citing

12  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

13      All allegations of material fact are taken as true.  Id. at 94.  However, legally

14  conclusory statements, not supported by actual factual allegations, need not be accepted.

15  See Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009).  Rather, the allegations in the

16  complaint "must be enough to raise a right to relief above the speculative level." Twombly,

17  550 U.S. at 555.  "[W]here the well-pleaded facts do not permit the court to infer more than

18  the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' –

19  'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679.

20      1.      Title VII claim

21      In the first cause of action under Title VII, Lewis alleges that the City retaliated

22  against him by seeking "punitive and draconian discipline" against him because he had

23  previously opposed race discrimination by filing a charge of discrimination and participating

24  as a plaintiff in the Harmston case.  FAC ¶ 11.  He also asserts that he was disciplined

25  more harshly (with the year-long suspension) than were his white counterparts.  FAC ¶ 12.

26  The one-year suspension was imposed by the Police Commission, following a hearing on

27  February 28, 2011.  FAC ¶¶ 7-8.

28      Lewis asserts that he has exhausted all administrative requirements, and attaches

1    as exhibits to the FAC copies of the charges he filed with DFEH and the EEOC, and the

2    right-to-sue letters.  The EEO charge was filed on November 16, 2010, and alleges

3    retaliation for having filed prior EEO charges (claiming that because Lewis filed the prior

4    charges, he was "undergoing a process of discharge via a Termination Hearing," and also

5    alleges violation of a "privacy agreement" based on the release of personal information to

6    the media).  The EEOC issued the dismissal and right-to-sue letter on January 20, 2012.

7         The court finds that this claim must be dismissed.  First, it is barred by failure to

8    exhaust administrative remedies.  In the prior order, the court dismissed the Title VII

9    retaliation claim with leave to amend to plead facts identifying the alleged adverse action –

10   which it stated "must necessarily have occurred prior to the filing of the administrative

11   charge with the EEOC" –  and also to identify the protected activity.

12        Lewis asserts that the Title VII claim is based on the imposition of the one-year

13   suspension by the Police Commission.  However, the administrative charge was filed with

14   the EEOC on November 16, 2010, but the Police Commission hearing did not go forward

15   until February 2011.  Thus, the EEOC charge could not have been based on the alleged

16   adverse action that occurred in February 2011.

17        In addition, Lewis alleged in the EEOC charge that he was "currently undergoing a

18   process of discharge via a Termination hearing" in retaliation for having filed EEOC

19   charges in 2007 and 2008.  However, even if the conduct or fact of the hearing can

20   somehow be subsumed into the retaliation charge, the Charter provides that any

21   disciplinary suspension of more than 10 days, or any termination, may be appealed to the

22   Police Commission.  Thus, it is clear that Lewis appeared at the Police Commission

23   hearing solely because he was seeking to appeal the discipline that had originated with the

24   filing of disciplinary charges by the Department in October 2006 (and this is confirmed by

25   the fact that the EEOC charge refers to the "process of discharge via a Termination

26   hearing").

27        It was not the Police Commission that originated the disciplinary process, and the

28   EEOC charge was filed against the Department, not against the Commission.  The claim,

United States District Court
For the Northern District of California

1   therefore, must be based on something allegedly done by the Department, not by the

2   Commission.  The San Francisco City Charter does not allow the Department to issue one-

3   year suspensions.  Lewis' challenges to the December 2005 suspensions and the October

4   2006 disciplinary charges were resolved in the prior state court action, and thus, any

5   additional such challenges would be barred by res judicata.

6          Because the court finds that further amendment would be futile, the dismissal of the

7   first cause of action is with prejudice.

8          2.      Labor Code § 1102.5 claim

9          In the second cause of action, Lewis asserts a claim under Labor Code § 1102.5(c),

10  which provides that "[a]n employer may not retaliate against an employee for refusing to

11  participate in an activity that would result in a violation of state or federal statute, or a

12  violation or noncompliance with a state or federal rule or regulation."  See Cal. Lab. Code

13  § 1102.5(c).

14         Lewis alleges that after the City released his image to the public, in violation of the

15  Police Officers' Bill of Rights, he filed an "administrative grievance," which was "ignored."

16  He claims that the City distributed his image in an effort to turn public opinion against him,

17  and that when he opposed the distribution by filing the "grievance," the City retaliated

18  against him by seeking harsher and more draconian punishment.  FAC ¶ 14.

19         Lewis also asserts that the City Charter limits discipline of police officers guilty of any

20  "violation of the rules" to either a "reprimand," or a "fine" not to exceed one month's salary,

21  or "by suspension for not to exceed three months."  He then claims that the City

22  demonstrated its retaliatory animus by making written representations that he wrongly

23  believed his conduct was appropriate, that he showed no remorse, and that his attitude was

24  troubling and reflected badly on the City.  FAC ¶ 15.

25         Following this, Lewis alleges that because the City retaliated against him for refusing

26  to participate in unlawful activity, and for his opposition to unlawful activity, and because the

27  City disciplined him in excess of the discipline permitted under the City Charter, he has

28  stated a "colorable claim" for violation of Labor Code § 1102.5.  FAC ¶ 16.

United States District Court

For the Northern District of California

1    The court finds that this cause of action must be dismissed.  In the prior order, the

2  court granted leave to amend to identify the applicable subsection of § 1102.5 and to plead

3  facts showing a violation of that subsection.  While Lewis now alleges violation of

4  § 1102.5(c), the FAC alleges no facts showing that the alleged adverse action (the

5  imposition of the one-year suspension) was in retaliation for his having refused to

6  participate in an activity that would result in a violation of state or federal law.  Rather, the

7  gist of the claim is that he was improperly disciplined in retaliation for having opposed the

8  City's releasing of his image (in particular, the "watermelon" video).

9    Moreover, as noted above, to the extent that Lewis alleges that the adverse action

10  was the imposition of the one-year suspension, it is undisputed that the suspension was

11  ordered by the Commission, not by the Department (which lacks authority to do so under

12  the City Charter).

13    Because the court finds that further amendment would be futile, the dismissal of the

14  second cause of action is with prejudice.

15    3.    Police Office Bill of Rights Claim

16    The third cause of action for violation of the Police Officer Bill of Rights is also based

17  on the City's release of the "watermelon" video clip to local media (although Lewis refers in

18  FAC ¶ 5 to "numerous video clips" as having been released without his consent).  Lewis

19  asserts that the City violated his rights under Government Code § 3300 by "repeatedly

20  distributing [his] image to the public and by disciplining him in excess of its powers."  FAC ¶

21  19.

22    In the prior order granting judgment on the pleadings, the court dismissed this cause

23  of action, finding that the allegations were too unclear to enable the City to frame a

24  response.  The dismissal was "with leave to amend to identify the subsection of

25  § 3303 under which plaintiff brings this claim, and to plead facts showing a violation of this

26  subsection."  In the original complaint, Lewis alleged that because he himself was then

27  "under investigation," as that term is used in California Government Code § 3303(e), the

28  City had a duty "to refrain from causing [sic] photographs or media to the press without first

1    obtaining the express written consent of the officer."  Here, he refers only to § 3303.

2         By its terms, § 3303 governs the conditions under which a police officer, who is

3    "under investigation," and is "subjected to interrogation by . . . the employing public safety

4    department, that could lead to punitive action," may be interrogated.  Subsection (e)

5    provides that while the officer is under interrogation, he shall not be subjected to "offensive

6    language," threats of "punitive action," or promises of reward as an inducement for

7    answering questions.  It also provides that while the officer is under interrogation, the

8    employer shall not subject the  officer to "visits by the press or news media" without his

9    consent, and shall not provide the news media with the officer's home address or

10   photograph without his consent.

11        The only one of these prohibitions that appears arguably relevant to Lewis' claim is

12   the last one – the release of the officer's photograph to the press without the officer's

13   permission.  In the FAC, Lewis alleges that the claim is based on the Department's release

14   of the "watermelon" video clip on August 2010.  However, there are no facts alleged

15   showing that Lewis was "subjected to interrogation" by the Department at the time the

16   video clip was released.  Indeed, the Department's investigation had concluded almost four

17   years previously, with the filing of the disciplinary charges in October 2006.

18        For this reason, the court finds that the third cause of action must be dismissed for

19   failure to state a claim.  Because the court finds that further amendment would be futile, the

20   dismissal is with prejudice.

21        The remaining claims having been dismissed without leave to amend, judgment will

22   be entered in the City's favor and the case will be dismissed.

23

24   **IT IS SO ORDERED.**

25   Dated:  June 21, 2012

26                                                        _____
                                                         PHYLLIS J. HAMILTON
27                                                       United States District Judge

28

United States District Court
For the Northern District of California